TEXIDOR, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN 1ª., RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la cancelación de un censo.

No. 339.—Resuelto en noviembre 30, 1917.

CENSOS—CANCELACIÓN DE OFICIO—ASIENTOS NO TOMADOS DE LOS ANTIGUOS LIBROS—RECONOCIMIENTO POR EL RECURRENTE.—No procede la cancelación, a mera instancia del recurrente, fundada sola y exclusivamente en las disposiciones del artículo 397 y siguientes de la Ley Hipotecaria y en la Real Orden de 8 de mayo de 1894, de un censo que aparece en las distintas inscripciones de una finca y que ha sido reconocido por el recurrente por haber quedado en su poder por consecuencia de dicho censo una suma de dinero que se dedujo del precio de la venta, cuando el asiento cuya cancelación se pide no fué tomado directamente de los antiguos libros ni hecho por el registrador a su propia iniciativa sino que fué el resultado del deliberado, solemne y mutuo reconocimiento por parte de vendedores y compradores en los varios documentos que forman la cadena de títulos de la propiedad.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Enrique Campillo.*

El registrador interino recurrido Sr. Manuel Paz Urdaz compareció en nombre propio.

EL JUEZ ASOCIADO SR. HUTCHISON emitió la opinión del tribunal.

En la primera inscripción de la casa No. 7, calle del Cristo, de esta ciudad de San Juan, que la originó una escritura de fecha 4 de marzo de 1871, se hace constar que dicha finca está sujeta a los gravámenes siguientes, (la bastardilla es nuestra):

"A una hipoteca por seiscientos setenta y ocho pesos sesenta y seis centavos moneda extranjera a favor de Don Benito María Osorio, la cual grava una parte, sin determinar la que sea, y consta *inscrita al folio diez y siete vuelto,* número cuarenta y tres *del libro diez y ocho antiguo:* a otra hipoteca por mil cuarenta escudos a favor de Don Francisco Antonio Fernández, afectante a dos partes de esta finca, sin determinarlas, *inscrita al folio setenta y siete vuelto,* número ciento cincuenta y ocho *del libro veinte antiguo;* a un embargo trabado por el Alcalde Mayor contra Don Rafael Margary, no consta por qué cantidad, e *inscrito al folio veinte y uno,* número cuarenta y uno *del libro veinte y uno antiguo;* a una fianza para garantir el manejo que tuvo Don Francisco Gutiérrez, como colector de la Mesa Capitular, hasta en cantidad de tres mil cuatrocientos cuarenta escudos setenta y cuatro céntimos, afectante a dos duodécimas partes, sin determinarlas, *inscrita al folio sesenta y uno,* número ciento diez y ocho, *del libro veinte y tres antiguo;* a otra hipoteca a favor de Don Joaquín Maldonado por ciento setenta y siete pesos treinta y tres centavos sobre la sexta parte de esta finca, *inscrita al folio setenta y tres vuelto,* número ciento cuarenta y uno *del libro veinte y ocho antiguo;* y por fin, a cinco mil seiscientos cincuenta escudos de censo, sin que se exprese a favor de quién, *no constando de una manera conocida inscrito con anterioridad en este Registro; pero los reconoce el título ahora presentado,* sin que de una manera clara aparezca afecta a ninguna otra obligación."

El propio asiento revela que en 1871 el comprador retuvo en su poder $470.83 de los $2,191.21 del precio de venta para cubrir el gravamen representado por el censo pendiente supra-mencionado y que el vendedor recibió $1,720.37.

También aparece de la certificación expedida por el registrador que las demás menciones de gravámenes relacionadas en la propia inscripción, salvo la que se refiere al censo, habían sido canceladas según el registro.

En el mes de marzo de 1917, en la escritura otorgada a favor de la esposa del recurrente, hicieron constar las partes de una manera solemne que sobre esta finca, además de una hipoteca por $4,000, "existe un censo a favor de quien esté inscrito por 1,650 escudos de la moneda antigua, en referencia a la fecha de la escritura." El propio título contiene además la cláusula siguiente:

"*Segunda.*—Verifícase esta compraventa por el convenido precio de doce mil dólares que el comprador le entrega al vendedor en este acto después de deducir los cuatro mil dólares de la hipoteca y tres mil dólares que deja por los censos, siendo la entrega de un montante líquido de cinco mil dólares que en mi presencia se entregan en billetes de banco de cien dólares cada uno, de cuya entrega doy fe."

Inscrita la referida escritura, el recurrente varios meses después solicitó del registrador cancelase la mención que se hace en las distintas inscripciones de dicha finca del censo antes indicado, basándose en el artículo 397 y siguientes de la Ley Hipotecaria y la Real Orden de 8 de mayo de 1894.

La nota puesta al pie de dicha solicitud por el registrador dice textualmente como sigue:

"No practicada operación alguna con el precedente documento por no ser la mención del censo, cuya cancelación se pide, de las que deba cancelarse de oficio, según la Real Orden de 8 de mayo de 1894, toda vez que los sucesivos compradores de la finca gravada, incluso la solicitante, han reconocido el censo de referencia por haber quedado en su poder parte del precio por consecuencia de dicho censo, y también porque la mención fué tomada del título, que originó la inscripción primera, y no de los antiguos libros del registro, como requiere la citada Real Orden."

El artículo 397 de la Ley Hipotecaria trata del término, método y efecto del traslado de los asientos de los libros antiguos a los modernos.

La Real Orden de 8 de mayo de 1894, entre otras cosas, disponía—

"Que terminado el plazo señalado para solicitar las traslaciones, los asientos de derechos reales de los libros antiguos no trasladados, no se mencionarán en las inscripciones nuevas que se hagan, cancelándose de oficio, terminado dicho plazo, las menciones que también de oficio se hubieran hecho en los libros modernos de asiento de los expresados derechos reales consignados en los antiguos, siempre que su traslación no haya sido expresamente solicitada por los interesados dentro del plazo legal."

Según se indicó en el caso que motivó el recurso de *Caso v. El Registrador,* 6 D. P. R. (2ª. Ed.) 155, la intención que trasciende de la disposición que se acaba de citar fué de una manera más clara expresada en la Real Orden de 18 de junio de 1895, que dispone que "sólo son cancelables las menciones de oficio que se hubiesen tomado directamente de los libros antiguos."

En el presente caso, como aparece suficientemente de los hechos anteriormente relacionados, el asiento, cuya cancelación se pide, no fué ni tomado directamente de los antiguos libros ni hecho por el registrador a su propia iniciativa sino que fué el resultado del deliberado, solemne y mutuo reconocimiento de dicho censo por parte de vendedores y compradores en los varios documentos que forman la cadena de títulos empezando por la escritura de 1871 y terminando con la de marzo de 1917, el comprador en cada caso, inclusive la dueña actual, se reservó una suma de dinero, que se dedujo del precio de venta, a fin de cubrir el gravamen pendiente que representa el consabido censo.

Vistas todas las circunstancias del caso creemos que el registrador tuvo perfecta razón cuando denegó la cancelación de los asientos en questión a mera instancia del recurrente, fundada sola y exclusivamente en las disposiciones de la Ley Hipotecaria y la Real Orden supra-mencionada.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.